**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MARK ANTHONY DESPAIN,

    Plaintiff,

v.                                         Case No. 13-14378

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS,
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On September 30, 2014, Magistrate Judge R. Steven Whalen issued a Report and Recommendation ("R&R") (Dkt. # 14) in the above-captioned matter, recommending that the court grant Defendant the Commissioner of Social Security's (the "Commissioner") motion for summary judgment (Dkt. # 10) and deny Plaintiff's motion for summary judgment (Dkt. # 9). On October 14, 2014, Plaintiff filed objections to the R&R. For the reasons stated below and in the well-reasoned R&R, the court will overrule Plaintiff's objections, adopt the R&R in full, grant Defendant's motion for summary judgment, and deny Plaintiff's motion for summary judgment.

**I. STANDARD**

The filing of timely objections requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This de novo

review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949–50. "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn,* 474 U.S. 140, 147 (1985) (footnote omitted). Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

## II. DISCUSSION

As a threshold matter, Plaintiff begins by "object[ing] to the entire analysis contained in [the R&R] for the reasons set forth in Plaintiff's Motion for Summary Judgment and his supporting Brief." (Dkt. # 15, Pg. ID 499.) A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is

used in this context." *Woelk v. Comm'r of Social. Sec.*, No. 13-12411, 2014 WL 2931411 (E.D. Mich. Jun. 30, 2014) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir.1991)). Plaintiff also claims that the Magistrate Judge's "analysis is far too d[ef]erential to the Administrative Law Judge [("ALJ")]." (Dkt. # 15, Pg. ID 499.) However, Plaintiff does not reference the proper level of deference that should be given to the Commissioner's[1] decision, namely whether it is supported by substantial evidence. 42 U.S.C. § 405(g); *Sherrill v. Secretary of Health and Human Services*, 757 F.2d 803, 804 (6th Cir. 1985). "[T]here is a 'zone of choice' within which decision makers can go either way without interference from the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).

As a general matter, Plaintiff's objections for the most part merely restate his arguments made in the original summary judgment motion. Not much is said about the Magistrate Judge's analysis except to criticize it for agreeing with the ALJ. Nevertheless, although Plaintiff did not enumerate specific objections, the court will attempt to deal with each objection adopting the enumeration used in Defendant's response.

### A. Objection # 1 - The July 2011 MRI

Plaintiff argues that the Magistrate Judge erred by "not conclud[ing] that the [ALJ's] summation of the July 2011 cervical spine MRI was not [sic] a distortion of the record." (Dkt. # 15, Pg. ID 499.) However, the ALJ relied on the very evidence Plaintiff points to in determining Plaintiff's Residual Function Capacity ("RFC"). Specifically, the

---

[1]When the Appeals Council denied review, the ALJ's decision became the final decision of the Commissioner.

ALJ relied on consultative examiner Dr. Raffee's report and Dr. Kovan's examination finding.  The ALJ concluded that Plaintiff did indeed suffer "the severe impairments of 'degenerative joint disease, degenerative disc disease, osteoarthritis, chronic pain, liver disease, dysphagia, coronary artery disease, a depressive disorder and an anxiety disorder' but that none of the conditions met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1."  (Dkt. # 14, Pg. ID 488–89.)  Although Plaintiff does not specifically identify which additional impairment he believes he suffers, it appears he is claiming that he has a "[d]isorder[] of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord, [with] [e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)."  20 C.F.R. Part 404, Subpart P, Appendix 1, 1.04.  Plaintiff argues that "[n]erve roots can be impinged outside the spinal cord and without evidence of a 'spinal cord signal abnormality.'" That may be true, as far as it goes.  Nevertheless, this does not establish that such an impingement existed. Plaintiff argues that an Electromyography ("EMG") should have been performed. However, on the record before him, the ALJ's decision was supported by substantial evidence and the R&R was correct to recognize it as such.  The court's review of the record yields an identical conclusion; the ALJ comprehensively analyzed the record

before him and incorporated much of it in his residual functional capacity assessment. Plaintiff's first objection is overruled.

### B. Objection # 2 - Shoulder Pain

Plaintiff next complains that the Magistrate Judge should have faulted the ALJ's suggestion that Plaintiff had no complaints of shoulder pain prior to the filing of his pre-hearing brief. However, as the Magistrate Judge noted, the ALJ *did* "credit[] Plaintiff's allegations of shoulder pain by crafting an RFC restricting manipulative functioning including overhead reaching" (Dkt. # 14, Pg ID 492), rather than *discrediting* Plaintiff's pain complaints, as he suggests in his objection. The court further agrees with the Magistrate Judge that the one instance where the ALJ mistakenly referred to a May 2011 x-ray as an MRI constituted harmless error, as the ALJ correctly referred to that study as an x-ray elsewhere in the opinion and noted that it contained unremarkable results. (*Id.* at 492–93). Plaintiff's second objection is overruled.

### C. Objection # 3 - Leg Elevation

Plaintiff's third objection centers around the need to elevate his feet. Apart from "preprinted, generalized recommendations for treating edema given to Plaintiff during an emergency room visit," the only evidence Plaintiff submits regarding his need to elevate his legs were treating notes dated June 4, 2012, submitted only after the ALJ's June 29, 2012 decision. As to the preprinted notes, both the Magistrate Judge and the ALJ reasonably concluded that they do not support an alleged need for leg or foot elevation. (*Id.* at 493.) Plaintiff failed to show good cause for his failure to incorporate the June 4, 2012 treating notes into the record. *See* 42 U.S.C. § 404(g). In any case, the

Magistrate Judge properly determined that the one-time elevation recommendation contained in the treating notes would not have been likely to change the ALJ's finding that his edema was not chronic. (Dkt. # 14, Pg. ID 494-95.) Plaintiff's third objection is overruled.

### D. Objection # 4 - Vocational Expert Hypothetical

Finally, Plaintiff claims the ALJ's hypothetical to the Vocation Expert was deficient because his impairments were not quantified and specifically included. However, as the Magistrate Judge correctly noted, the hypothetical "need not contain a laundry list of all his particularized conditions." (*Id.* at 497 (citing *Webb v. Comm'r of Social Sec.*, 368 F.3d 629, 632 (6th Cir. 2004).) Plaintiff's citation to out-of-circuit cases to the contrary is of no assistance to him. Circuit precedent holds that "a hypothetical question need only reference all of a claimant's limitations, without reference to the claimant's medical conditions." *Webb*, 368 F.3d at 633. The ALJ's hypothetical was adequate. The fourth objection is overruled.

### III. CONCLUSION

As noted by the Magistrate Judge, Plaintiff's limitations should not be trivialized. However, because the ALJ's determination that Plaintiff was not disabled falls well within the "zone of choice" accorded to him, it will not be disturbed by this court. Accordingly,

IT IS ORDERED that Plaintiff's objections (Dkt. # 15) are OVERRULED, and the Magistrate Judge's Report and Recommendation (Dkt. # 14) is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment (Dkt. # 10) is GRANTED and Plaintiff's motion for summary judgment (Dkt. # 9) is DENIED.

A separate judgment will issue.

                                                s/Robert H. Cleland
                                            ROBERT H. CLELAND
                                            UNITED STATES DISTRICT JUDGE

Dated:  November 26, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 26, 2014, by electronic and/or ordinary mail.

                                                s/Lisa Wagner
                                            Case Manager and Deputy Clerk
                                            (313) 234-5522